96 F.3d 1450
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael A. DUNN, Plaintiff-Appellant,
v.
Richard P. SEITER and Mike Lashbrook, Defendants-Appellees.
 No. 95-3203.
 United States Court of Appeals, Seventh Circuit.
 Submitted Aug. 29, 1996.*
Decided Aug. 30, 1996.
 
 Before CUMMINGS, PELL and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Michael Dunn, an inmate at the Federal Correctional Institution in Greenville, Illinois, brought this action under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), alleging that the defendants violated his right of access to the courts. Dunn contends that a policy at FCI Greenville regulating when inmates may be provided with stamps for legal mail violates his constitutional rights. The district court dismissed his action as frivolous, and Dunn appeals.
 
 
 2
 In the recent case of Lewis v. Casey, 116 S.Ct. 2174 (1996), the Supreme Court held that a prisoner has no standing to claim a violation of his right of access to the courts unless he demonstrates "actual injury." Id. at 2180. To show "actual injury," the Court stated that an inmate must "demonstrate that the alleged [violation] ... hindered his efforts to pursue a legal claim. He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement ... [o]r that he had suffered arguably actionable harm that he wished to bring before the courts ... [but] was unable even to file a complaint." Id. Dunn does not allege that the stamp policy at Greenville interfered with his ability to litigate any particular case. He argues, however, that he need not demonstrate actual injury because the right to have stamps for legal mail is "central" rather than "ancillary" to the right of access to the courts. Cf. Bieregu v. Reno, 59 F.3d 1445, 1455 (3d Cir.1995). This Court has not embraced such a distinction, and in any event, Lewis explicitly states that no plaintiff may claim a violation of his right of access to the courts without demonstrating actual injury. Thus, Dunn's lawsuit has no arguable basis in law or fact, so it was properly dismissed as frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). The judgment of the district court is
 
 
 3
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)